<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMEEL IBRAHIM, | No. 25cv15721 (EP) (AME) |
| Plaintiff, | **MEMORANDUM ORDER** |
| v. | |
| NEW JERSEY HEALTH AND HUMAN SERVICES DEPARTMENT, | |
| Defendant. | |

**PADIN, District Judge.**

*Pro se* Plaintiff Jameel Ibrahim brings this action against Defendants the New Jersey Department of Health and the New Jersey Department of Human Services (improperly plead as a single entity).[1] D.E. 1 ("Compl." or "Complaint"). As best the Court can construe, the basis of Plaintiff's Complaint is that his requests for Defendants to return his original birth certificate have been ignored. *Id.* at 1.

Plaintiff also seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1 ("IFP Application"). Because Plaintiff demonstrates financial need, the Court will **GRANT** his IFP Application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint ***with prejudice*** against Defendants for lack of subject matter jurisdiction.

---

[1] As this Court explained in a similar circumstance, there is no "Department of Health and Human Services" in New Jersey. *Rouse v. New Jersey Dep't of Health & Hum. Servs.*, No. 15-1511, 2015 WL 5996324, at *1 (D.N.J. Oct. 13, 2015). There is, however, a Department of Health and a separate Department of Human Services. *See id.* (first citing N.J. Stat. Ann. § 26:1A–2 ("There is hereby established in the Executive Branch of the State Government a principle department which shall be known as the State Department of Health."); then citing N.J. Stat. Ann. § 30:1–2 ("The Department of Human Services . . . is hereby constituted a principal department in the Executive Branch of the State Government.")). Accordingly, the Court refers to both departments at points as "Defendants."

## I.    BACKGROUND

When Plaintiff was born in 1963, he was issued an original birth certificate from the State of New Jersey.  Compl. at 1.  When Plaintiff was twelve, he was required to surrender his original birth certificate to the State for safekeeping.  D.E. 1-4 ¶ 3(a).  In 2021 or 2022, Plaintiff submitted a written request for the return of his original birth certificate, and despite multiple communications made to the "Department of Health and Human Services," Plaintiff has not heard back or received his birth certificate.  Compl. at 1-2.

Plaintiff alleges that the failure to return his original birth certificate constitutes conversion.  *Id.* at 2.  He has suffered several damages, including emotional distress, inconvenience, and a lack of access to essential personal documentation.  *Id.* at 2.  Plaintiff asks the Court to issue injunctive relief and order the return of his original birth certificate.  *Id.*

## II.    LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of h[er] suit."  *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).  When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Complaints may be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to

dismissal for failure to state claim under section 1915(e)(2)(B)).[2]  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 556 (citation omitted).

A *pro se* plaintiff's complaint must be liberally construed.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).  Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."  *Id.*

Additionally, "because subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt" and may do so by raising the issue *sua sponte*.  *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

## III.    ANALYSIS

### A.    The Court Will Grant Plaintiff's IFP Application

Plaintiff states he has approximately $3300 in monthly income and almost $3100 in monthly expenses.  IFP Application at 4-5.  The Court determines that Plaintiff has "establish[ed] that he is unable to pay the costs of his suit."  *Walker*, 886 F.2d at 601.  Therefore, the Court will **GRANT** Plaintiff's IFP Application.

---

[2] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendant after service.  *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment." (internal quotation marks omitted)).

**B.    Sovereign Immunity Bars Plaintiff's Claim**

Plaintiff brings a claim for conversion. *See* Compl. This is a state law tort. Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question arising under the Constitution and laws of the United States. *Id.* at 1. While the Court is not entirely clear there is a federal cause of action, the outcome would not change if there was, as Defendants are immune from suit under the Eleventh Amendment.

The Eleventh Amendment of the United States Constitution "has been interpreted to render states—and, by extension, state agencies and departments and officials when the state is the real party in interest—generally immune from suit by private parties in federal court." *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002) (citation modified). "New Jersey state agencies 'established in the Executive Branch of State Government' qualify for Eleventh Amendment sovereign immunity, 'regardless of the relief sought,' unless an exception to the immunity rule applies." *Bunting v. New Jersey Off. of the State Comptroller*, No. 19-26, 2019 WL 4565232, at *6 (D.N.J. Sept. 20, 2019) (quoting *Rhett v. Evans*, 576 F. App'x 85, 88 (3d Cir. 2014)). Those exceptions apply when: (1) Congress abrogates the immunity; (2) a state waives immunity; or (3) when a plaintiff sues an individual state officers for prospective relief to end an ongoing violation of federal law. *Id.* (citing *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001)).

Both the Department of Human Services and the Department of Health are "principal department[s]" within New Jersey's "Executive Branch." *Rouse*, 2015 WL 5996324, at *2 (first citing N.J.S.A. 30:1–2 (establishing the Department of Health); then citing N.J.S.A. 26:1A–2 (establishing the Department of Human Services)). Because both departments are "indisputably arms of the state," they are entitled to sovereign immunity. *Id.* (citation modified); *see also Aerated Products Co. v. Dep't of Health of N.J.*, 159 F.2d 851, 853-54 (3d Cir. 1947) (finding that

4

the Department of Health is entitled to sovereign immunity); *Cole v. New Jersey Dep't of Human Servs.*, No. 13-3987, 2014 WL 2208142, at *5 (D.N.J. May 28, 2014) (finding that the Department of Human Services is entitled to sovereign immunity).  Plaintiff fails to allege that an exception applies to either Defendant.[3]  Therefore, the Court will **DISMISS** the Complaint ***with prejudice*[4]** against Defendants as this Court lacks jurisdiction to hear this action.[5]

## IV.    CONCLUSION

For the reasons explained above,

**IT IS**, on this **22<ins>nd</ins>** day of October 2025,

**ORDERED** that the Clerk of Court shall file the Complaint, D.E. 1, but summons shall not issue; and it is further

**ORDERED** that Plaintiff's claim for injunctive relief under 28 U.S.C. § 1331 against Defendants the New Jersey Departments of Health and Human Services, is **DISMISSED *with prejudice***; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter, subject to reopening by the Court upon Plaintiff's timely filing[6] of an amended complaint.  If Plaintiff fails to timely file an

---

[3] While Plaintiff seeks injunctive relief from state agencies, "the third exception to sovereign immunity does not apply because it applies only to claims for injunctive relief against individual defendants, not claims against the State."  *Bunting*, 2019 WL 4565232, at *6 (citing *Reardon v. New Jersey*, No. 17-5868, 2018 WL 4964548, at *3 (D.N.J. Oct. 15, 2018)).

[4] The Court dismisses the claims against Defendants *with prejudice* as it finds amendment would be futile.

[5] Because the Court found it lacks jurisdiction to hear this action, the Court will not consider whether Plaintiff states a claim.

[6] Plaintiff may file a proposed amended complaint within **30 days** of this Order.

amended complaint, the Complaint may be dismissed **_with prejudice_** under Federal Rule of Civil Procedure 41(b) for failure to prosecute; and it is finally

      **ORDERED** that the Clerk of Court shall send copies of this Order to Plaintiff by regular mail.

_____
Evelyn Padin, U.S.D.J.